# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| BBVA USA BANCSHARES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.:  2:19-cv-01548-SGC |
| | ) | |
| LEYSHUN D. BANDY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION[1]

This is an interpleader action brought by BBVA USA Bancshares, Inc. (the "plaintiff"), to determine the rightful beneficiary of Linda C. Jackson's 401(k) plan, for which the plaintiff is the administrator.  (Doc. 1).  As defendants, the plaintiff has named the following potential claimants: Leyshun D. Bandy, Rodneisha C. Jackson, Deontray McClain, and Belton Eugene Nettles.  (*Id.*).  Subject matter jurisdiction is based on the existence of a federal question, pursuant to 28 U.S.C. § 1331 and the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1462 ("ERISA").  *See Metro Life Ins. Co. v. Price*, 501 F.3d 271, 275-76 (3d Cir. 2007 (noting "courts of appeals have recognized that an interpleader 'arises under' federal law when brought by an ERISA fiduciary against competing

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties have voluntarily consented to have a U.S. magistrate judge conduct all proceedings, including trial and the entry of final judgment.  (Doc. 13).

claimants to plan benefits"); *Unum Life Ins. Co. of America v. Smith*, 2018 WL 1977257, at *2 (M.D. Ala. Mar. 28, 2018) (noting case before it, which involved competing claims to ERISA benefits, was "the rare federal question, rule-interpleader action"), *report and recommendation adopted*, 2018 WL 1973278 (M.D. Ala. Apr. 26, 2018); *Metro. Life Ins. Co. v. Funches*, 2009 WL 10671216, at *2 (M.D. Fla. Nov. 5, 2009) (holding district court had federal question subject matter jurisdiction over interpleader action involving competing claims to ERISA benefits).

Pending before the undersigned is the plaintiff's motion seeking to interplead benefits accrued under the plan pursuant to Rule 22 of the *Federal Rules of Civil Procedure*. (Doc. 12). In the alternative to interpleading these benefits, the plaintiff seeks an order declaring the rightful beneficiary of the benefits and directing the plaintiff to refrain from liquidating the account in which the benefits are held pending such declaration. (*Id.*). Additionally, the plaintiff asks that the defendants and third parties be enjoined from asserting claims against it regarding the benefits and that it be dismissed from this action with prejudice. (*Id.*). By orders dated January 27, 2020, and March 3, 2020, the defendants were directed to file answers to the interpleader complaint and responses to the interpleader motion. (Docs. 17, 20). They were advised their failure to comply within the time prescribed could result in forfeiture of the ability to claim any right to the funds, as well as dismissal

from this lawsuit. (Docs. 17 & 20). The court received responsive submissions from defendants Bandy, Rodneisha Jackson, and McClain. (Docs. 19, 21-22). The court received no responsive submission from defendant Nettles within the time prescribed.

Below, the undersigned first addresses the plaintiff's motion for interpleader and then addresses defendant Nettles' failure both to answer the interpleader complaint and to respond to the interpleader motion. Finally, the undersigned addresses the disposition of this case.

## I. Motion for Interpleader

"Interpleader is the means by which an innocent stakeholder, who typically claims no interest in an asset and does not know the asset's rightful owner, avoids multiple liability by asking the court to determine the asset's rightful owner." *In re Mandalay Shores Co-op. Housing Ass'n, Inc.*, 21 F.3d 380, 383 (11th Cir. 1994). "[An] [i]nterpleader action proceeds in two stages. At the first stage the court determines whether interpleader is proper and 'whether to discharge the stakeholder from further liability to the claimants.' At the second stage, the court evaluates 'the respective rights of the claimants to the interpleaded funds.'" *Ohio Nat'l Life Assur. Corp. v. Langkau ex rel. Estate of Langkau*, 353 F. App'x 244, 248 (11th Cir. 2009) (internal citations omitted) (quoting *Prudential Ins. Co. of America v. Hovis*, 553 F.3d 258, 262 (3d Cir. 2009)).

3

"Interpleader is appropriate where the stakeholder may be subject to adverse claims that could expose it to multiple liability on the same fund." *Id.* (citing FED. R. CIV. P. 22(a)(1)).  " 'In an interpleader action, the burden is on the party seeking interpleader to demonstrate that he is entitled to it,' or more specifically, 'that he has been or may be subjected to adverse claims.'" *Id.* (quoting *Dunbar v. United States*, 502 F.2d 506, 511 (5th Cir. 1974)).  "When the court decides that interpleader is available, it may issue an order discharging the stakeholder, if the stakeholder is disinterested." *Id.* (citing *United States v. High Tech. Prods., Inc.*, 497 F.3d 637, 641-42 (6th Cir. 2007)).

The plaintiff offers the following allegations to demonstrate interpleader is appropriate: Linda Jackson died on May 26, 2019. (*Id.* at ¶ 2).  Before her death, Linda Jackson designated defendant Bandy as the primary beneficiary of her 401(k) plan in the event she died before commencing the benefits, and defendant Jackson as the contingent beneficiary. (*Id.* at ¶ 4).[2]  However, Linda Jackson may have been married to defendant Nettles at the time of her death, and the 401(k) plan's governing documents provide that when a married participant dies before commencing her benefits, her spouse shall receive the benefits unless the spouse consents in writing to the designation of another beneficiary. (*Id.* at ¶¶ 7-8).  Defendant Nettles did not

---

[2] Rodneisha Jackson and Deontray McClain are believed to be the adult children of Linda Jackson. (Doc. 12 at ¶¶ 5-6; Docs. 19, 21, 22).

consent in writing to the designation of defendants Bandy or Jackson as beneficiaries for Linda Jackson's 401(k) plan benefits.  (*Id.* at ¶ 9).  Complicating matters further, defendant Nettles was arrested on May 26, 2019, for the murder of Linda Jackson, and while neither ERISA nor the 401(k) plan's governing documents address whether a spouse or beneficiary who is alleged to have intentionally killed a plan participant may receive plan benefits, Alabama's "Slayer Statute" prohibits certain property acquisitions by one who intentionally kills.  (*Id.* at ¶¶ 10-12 (citing Ala. Code § 43-8-253(c) and (d)).[3]

Based on these allegations, the plaintiff has shown it may be subjected to competing claims with respect to Linda Jackson's 401(k) plan benefits and, therefore, that interpleader is proper.  The plaintiff also has represented it has no interest in these benefits.  (Doc. 12 at ¶ 18).  The undersigned notes no defendant has objected to interpleader of the benefits or to the plaintiff's request to be dismissed from this action with prejudice.  Accordingly, the plaintiff's motion (Doc. 12) is due to be granted with respect to the requests for interpleader and dismissal from this action with prejudice, as detailed more fully below.

However, the motion is due to be denied without prejudice as to the plaintiff's request for injunctive relief.  The plaintiff has not cited any authority to support the

---

[3] A grand jury indicted defendant Nettles on charges of rape and capital murder in October 2019. *See State of Alabama v. Nettles*, 68-CC-2019-001398.00 at Doc. 3.  The case remains pending in the Circuit Court of Jefferson County, Alabama – Bessemer Division.

appropriateness of its request for injunctive relief.  Although 28 U.S.C. § 2361 authorizes injunctive relief in a statutory interpleader action brought pursuant to 28 U.S.C. § 1335, this is not a statutory interpleader action but, rather, a rule interpleader action.  *See American Gen. Life Ins. Co. v. Jones*, 2008 WL 4949847, at *2 (S.D. Ala. Nov. 13, 2008) (holding plaintiff's request for a § 2361 injunction in a rule interpleader action failed because "[i]t is black-letter law that § 2361 is not available in the rule interpleader context, but is confined to statutory interpleader proceedings").[4]

There is authority for the proposition that "[w]hen a restraining order is sought in a Rule 22 interpleader action, the court looks to the standards of 28 U.S.C. § 2283 and Fed. R. Civ. P. 65 . . . ."  *Life Ins. Co. of North America v. Thorngren*, 2005 WL 2387596, at *4 (D. Idaho, Sept. 27, 2005).  Section 2283, known as the Anti-Injunction Act, permits a court to issue an injunction staying state court proceedings "where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."

---

[4] When a party may be subjected to competing claims to a fund, it may bring a statutory interpleader action pursuant to 28 U.S.C. § 1335 or a rule interpleader action pursuant to Rule 22 of the *Federal Rules of Civil Procedure*.  *See* STEVEN S. GENSLER & LUMEN N. MULLIGAN, 1 FEDERAL RULES OF CIVIL PROCEDURE, RULES AND COMMENTARY, RULE 22 (discussing differences between statutory interpleader and rule interpleader).  Statutory interpleader has three jurisdictional prerequisites: (1) the value of the money or property at issue must exceed $500; (2) minimal diversity must exist among the claimants; and (3) the stakeholder must deposit the money or property at issue with the court or provide a bond, made payable to the Clerk of Court, sufficient to cover the value of the same.  § 1335(a); *see State Farm Fire & Cas. Co. v. Tashire*, 386 U.S. 523, 530 (1967) (holding federal interpleader statute requires only minimal diversity).  The plaintiff in this case does not purport to seek interpleader pursuant to § 1335 and has not alleged facts that would allow the undersigned to conclude the jurisdictional requirements have been met.

§ 2283.  However, the plaintiff has not shown the injunctive relief it seeks is required for jurisdictional or other purposes.  *See Thorngren*, 2005 WL 2387596, at *4 (denying injunctive relief where there was no evidence of actual, immediate threat to stakeholder or proceedings before federal district court); *Harris Corp. v. Dunn*, 2006 WL 2691541, at *3-4 (M.D. Fla. Aug. 25, 2006), *report and recommendation adopted*, 2006 WL 2787853 (M.D. Fla. Sept. 19, 2006) (same); *Hallman v. Hallman*, 2012 WL 5879825, at *2 (M.D. Ga. Nov. 21, 2012) (same).

Finally, some courts have construed requests for injunctive relief in rule interpleader actions as brought pursuant to Rule 22 itself, noting this construction employs the principles of *res judicata* and collateral estoppel to preclude defendants from attempting to re-litigate the same issues in another court.  *See New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 879 (5th Cir. 1998); *Smith*, 2018 WL 1977257, at *3 (citing *Deshotel*), *report and recommendation adopted*, 2018 WL 1973278 (M.D. Ala. Apr. 26, 2018).  However, the plaintiff has not suggested the undersigned should rely on this construction, and the undersigned declines to grant injunctive relief on the basis of a legal theory not advanced by the party seeking the relief.  To the extent the plaintiff wishes to argue it is entitled to injunctive relief, it may file a renewed motion.

**II. Defendant Nettles' Failure to Respond to Interpleader Complaint or Motion**

"The failure of a named interpleader defendant to answer the interpleader complaint and assert a claim to the *res* can be viewed as forfeiting any claim of entitlement that might have been asserted." *Gen. Accident Grp. v. Gagliardi*, 593 F. Supp. 1080, 1089 (D. Conn. 1984), *aff'd*, 767 F.2d 907 (2d Cir. 1985); *see also Gulf Coast Galvanizing, Inc. v. Steel Sales, Co.*, 826 F. Supp. 197, 203 (S.D. Miss. 1993) (same); *Sun Life Assurance Co. of Canada, (U.S.) v. Conroy*, 431 F. Supp. 2d 220, 226 (D.R.I. 2006) (same); *Standard Ins. Co. v. Asuncion*, 43 F. Supp. 3d 1154, 1156 (W.D. Wash. 2014) (same); *JP Morgan Chase Bank, Nat'l Ass'n v. U.S. Dep't of Agric. Rural Hous. Serv.*, 2020 WL 411384, at *3 (M.D. Ala. Jan. 24, 2020) (same). Accordingly, "a default judgment may be entered against any named and served interpleader defendant who fails to respond to the interpleader complaint." *Protective Life Ins. Co. v. Tinney*, 2015 WL 1402464, at *4 (N.D. Ala. Mar. 25, 2015) (collecting cases).

> Without the ability to enter a default against an interpleader defendant who refuses to appear in the action, the court is unable to provide relief to the remaining defendants. If an interpleader defendant can prevent the resolution of an interpleader by simply refusing to appear in the action, the court cannot effectively and finally address the distribution of the interpleader *res*.

*Id.*

Moreover, a district court "has inherent authority in appropriate circumstances to *sua sponte* enter a default judgment that in an interpleader action [] serves to terminate the party's interest in the fund at issue." *Metro. Life Ins. Co. v. Jackson*, 2013 WL 3974674, at *5 (M.D. Fla. Aug. 1, 2013) (internal punctuation, quotation marks, and citations omitted); *see also id.* at *5 (finding *sua sponte* entry of default judgments against non-appearing interpleader defendants was appropriate, where remaining defendants who had appeared were proceeding *pro se*); *Occidental Life Ins. Co. of North Carolina v. Ligon*, 2018 WL 9814655, at *1 (N.D. Ga. July 24, 2018) (finding *sua sponte* entry of default judgments against non-appearing interpleader defendants was appropriate, where defendants had been warned of the consequences of their failure to appear and respond to motion for interpleader disbursement).

The default of a party in an interpleader action does not affect its designation as a potential adverse claimant in such a way that would call the propriety of interpleader into question. *See New York Life Ins. Co v. Connecticut Dev. Auth.*, 700 F.2d 91, 95 (2d Cir. 1983) (holding certain parties to interpleader action were "properly designated as 'adverse claimants' who 'may claim' the proceeds of the [insurance] policies [at issue]," and that "[t]heir subsequent defaults did not make the interpleader action inappropriate but merely expedited its conclusion by obviating the normal second stage."); *Nationwide Mut. Fire Ins. Co. v. Eason*, 736

9

F.2d 130, 133 n.4 (4th Cir. 1984) (holding that although interpleader is proper only where there are two or more claimants to fund, bankruptcy court was not required to have dismissed action following entry of default judgments against named defendants where bankruptcy trustee thereafter properly intervened as claimant) (citing *New York Life Ins. Co.*, 700 F.2d at 95).

Defendant Nettles was warned twice that failure to file an answer to the interpleader complaint and a response to the interpleader motion within the time prescribed could result in forfeiture of his ability to claim any right to the funds, as well as dismissal from this lawsuit.  (Docs. 17, 20).  Moreover, the other defendants, who absent the exercise of the inherent judicial authority discussed above would be expected to litigate the propriety of the entry of a default judgment against defendant Nettles, are proceeding *pro se*.  Under these circumstances, the undersigned finds *sua sponte* entry of default judgment against defendant Nettles is appropriate and also necessary to bring finality to these proceedings.  This action by the undersigned will serve to terminate any interest defendant Nettles may have had in Linda Jackson's 401(k) plan benefits.

**III. Disposition of Case**

By a statement made during a January 17, 2020 telephone conference and through her response to the interpleader complaint and motion for interpleader, defendant Bandy has asserted a claim to Linda Jackson's 401(k) plan benefits and

10

indicated she intends to use those funds for the benefit of defendants Jackson and McClain. (Doc. 19). In their own responses to the interpleader complaint and motion for interpleader, defendants Jackson and McClain state they do not object to the distribution of Linda Jackson's 401(k) plan benefits to defendant Bandy, who they describe as the "rightful beneficiary." (Docs. 21, 22).

The undersigned construes the responses of defendants Bandy, Jackson, and McClain discussed above as a collective motion for judgment on the pleadings. "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). Judgment on the pleadings is appropriate here because the remaining interested parties agree on the material facts. More specifically, defendants Bandy, Jackson, and McClain agree defendant Bandy is entitled to Linda Jackson's 401(k) plan benefits. *See AMEX Assur. Co. v. Sumrall*, 2008 WL 150067, at *2 (M.D. Ala. Jan. 14, 2008) (holding judgment on the pleadings was appropriate where defendants in interpleader action agreed as to which defendant was entitled to funds at issue); *cf. Trustmark Ins. Co. v. White*, 2019 WL 4921106, at *4 (M.D. Fla. Sept. 10, 2019) (determining that after an interpleader defendant defaulted, final judgment should be entered in favor of only remaining interpleader defendant), *report and recommendation adopted*, 2019 WL 4918363

11

(M.D. Fla. Oct. 4, 2019).  Accordingly, the plaintiff will be directed to distribute Linda Jackson's 401(k) plan benefits to defendant Bandy.

A separate final order will be entered.

**DONE** this 11th day of June, 2020.

STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE